## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARY L. NICHOLAS,
        Appellant,

      v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
SF-0752-16-0163-I-1

DATE: September 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ted Lapuh, Esquire, Anaheim, California, for the appellant.

Mikel C. Deimler, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Effective December 3, 2014, the appellant retired from her position with the agency as a Supervisory Revenue Officer. Initial Appeal File (IAF), Tab 7 at 14. Thereafter, she filed a formal equal employment opportunity (EEO) complaint alleging that she had been subjected to a hostile work environment and forced to retire due to discrimination based on her sex, age, and disability. *Id.* at 15. On November 10, 2015, the agency issued a final agency decision (FAD) finding that the appellant failed to show that the agency discriminated against her as alleged, subjected her to a hostile work environment, or forced her to retire by subjecting her to intolerable working conditions. *Id.* at 15-28. The FAD notified the appellant of her right to file a mixed-case appeal with the Board within 30 days of the date she received the FAD. *Id.* at 29.

¶3 The appellant timely appealed her alleged involuntary retirement to the Board and requested a hearing. IAF, Tab 1. The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as resignations and retirements, and ordered her to submit evidence and argument amounting to a nonfrivolous allegation that her retirement

was involuntary because of duress, coercion, or misrepresentation by the agency. IAF, Tab 2 at 2-3. The appellant submitted several responses and provided four affidavits by former peer managers in support of her claim. IAF, Tabs 6, 10-15. In an initial decision, the administrative judge found that the appellant failed to make a nonfrivolous allegation that her retirement was involuntary and dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 16, Initial Decision (ID).

¶4 The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has submitted a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4.

¶5 Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, an appellant may overcome the presumption of voluntariness by showing that her retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). An appellant is only entitled to a jurisdictional hearing over an alleged involuntary retirement if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Id.*, ¶ 16. Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could show Board jurisdiction over the matter at issue. *Id*.

¶6 To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's retirement, the employee had no realistic alternative but to retire, and the employee's retirement was the result of improper acts by the agency. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007). When, as here, the employee alleges that

the agency took actions that made her working conditions so intolerable that she was driven to an involuntary retirement, the Board will find her retirement involuntary only if she demonstrates that the agency engaged in a course of action that made her working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to resign or retire. *Vitale*, 107 M.S.P.R. 501, ¶ 20. In making this determination, the Board will consider allegations of discrimination and reprisal only insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Id.*

¶7    In the appellant's EEO complaint, she alleged that the agency harassed her and subjected her to a hostile work environment from approximately 2012 through October 2014. IAF, Tab 7 at 15-16. Specifically, she alleged that her manager: consistently yelled at people in the office; failed to grant her requests to transfer a difficult employee from her group; gave her a combined mid-year review and operational review in March 2014 and, during the review, stated, "with your age and medical issues, you should just retire"; gave her mostly favorable feedback in her March 2014 review but added negative comments in the conclusion; issued her memoranda or "wrote her up" for not visiting the San Diego post of duty on three occasions; and told her that a reasonable accommodation would not be necessary and that, even if she were provided a reasonable accommodation, "that does not mean you don't have to do your job." *Id.* The appellant also alleged that, on an unspecified date, the agency denied her request to change hours of annual leave to duty hours. *Id.* at 8. In her jurisdictional responses below, the appellant alleged that the agency subjected her to a hostile work environment by rating her as unsatisfactory in one critical element in 2014 and by failing to provide her a group secretary for 2 years or a case screener, which made it difficult for her to perform her duties. IAF, Tab 10 at 1-2, Tab 11 at 2, Tab 15 at 1-3. She additionally submitted four affidavits by former peer managers who affirmed the need for secretarial support staff and

discussed their personal experiences with the appellant's manager. IAF, Tab 12 at 7, Tab 13 at 3-6, Tab 14 at 6-8, Tab 15 at 5-6.

¶8 As noted above, the administrative judge determined that the appellant failed to nonfrivolously allege that her retirement was involuntary, explaining that, even if true, the events described by the appellant—such as disagreements with management's discretionary decisions and dissatisfaction with workplace interactions—were not so difficult or intolerable that a reasonable person would be compelled to retire. ID at 6-9. The administrative judge also found that the appellant failed to nonfrivolously allege that the agency's failure to accommodate her physical limitations forced her to retire. ID at 9. Regarding the four affidavits submitted by the appellant, the administrative judge found that they did not provide any facts to support the appellant's claim that her decision to retire was involuntary. ID at 6.

¶9 On review, the appellant argues that the administrative judge failed to understand the significance of the four affidavits, which she submitted to: (1) show that managers in her position "specifically needed clerical assistance to successfully perform the job"; (2) "describe the management style" of her supervisor and his supervisor and confirm her supervisor's "bullying issue"; (3) show that the appellant and the other four managers all had multiple posts of duty but that none of them "were mandated to visit any of the posts of duty until [the appellant's supervisor] ordered [her] to visit the San Diego office," which added 6 hours to her work day; (4) establish that, "if a supervisory [sic] had a troubled employee, the supervisor was expected to get some assistance from the Area Director (or his minions)," which the appellant did not receive with her "troubled employee." PFR File, Tab 1 at 3-8, Tab 4 at 3-6. She also asserts that, contrary to the administrative judge's finding that the agency did not threaten any action against her, "[t]he unsatisfactory rating would have prevented [her] from receiving a second year bonus." PFR File, Tab 1 at 6.

¶10     We have reviewed the appellant's arguments. It is well settled, however, that an employee is not guaranteed a stress-free work environment and dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to retire. *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Likewise, an employee's dissatisfaction with her performance rating would not compel a reasonable person to retire. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 9 (2007). Here, the appellant has alleged that she was dissatisfied with her supervisors and one subordinate; the "lack of tools needed to successfully perform the job"; the required travel to the San Diego post of duty; and one performance evaluation. PFR File, Tabs 1, 4; IAF, Tabs 1, 6, 10-15. We agree with the administrative judge, however, that the appellant has failed to make a sufficient allegation of a coercive or improper act on the part of the agency that could have left a reasonable person in her position with no other choice but to retire. *See Staats*, 99 F.3d at 1124 (explaining that the narrow doctrine of coercive involuntariness applies when a decision to retire "was the result of improper acts by the agency" and not merely when an employee retires because "he does not want to accept [actions] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave").

¶11     The appellant also appears to challenge the administrative judge's finding that she did not nonfrivolously allege that the agency's failure to provide a reasonable accommodation compelled her retirement. IAF, Tab 4 at 7; ID at 9. Although a retirement may be rendered involuntary when an agency improperly denies an employee's request for a reasonable accommodation that would have enabled her to continue in her position, *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010), the appellant has not made such an allegation here. Specifically, she has not alleged that she requested a reasonable

accommodation that would have enabled her to continue in her position or that the agency denied her request; rather, she alleged only that her supervisor informed her that it was not necessary that she submit a reasonable accommodation request.  IAF, Tab 1 at 12.  As the administrative judge correctly determined, such fact, even if true, does not constitute a nonfrivolous allegation that her decision to retire was involuntary.  ID at 9.  The appellant's vague contention on review that there is some email between the appellant and her supervisor where "the requirement for a reasonable accommodation application was removed," PFR File, Tab 4 at 6, provides no basis to disturb the administrative judge's finding on this issue.

¶12    Based on the foregoing, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction without a hearing.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.